**FILED**

02/02/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 24-0066

Pamela D. Bucy
Chief Disciplinary Counsel
P.O. Box 1099
Helena, Montana 59624
Tel: (406) 442-1648
pbucy@montanaodc.org

Office of Disciplinary Counsel

BEFORE THE COMMISSION ON PRACTICE OF THE

SUPREME COURT OF THE STATE OF MONTANA

\* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| IN THE MATTER OF JACK H. MORRIS, | Supreme Court Cause No. |
| An Attorney at Law, | ODC File Nos. 22-223 & 22-224 |
| Respondent. | **COMPLAINT** |
| | **Rules 3.3, 4.2 and 8.4, MRPC** |

By leave of the Commission on Practice granted on January 11, 2024, the Office of Disciplinary Counsel for the State of Montana ("ODC"), hereby charges Jack H. Morris with professional misconduct as follows:

### General Allegations

1. Jack H. Morris, hereinafter referred to as Respondent, was admitted to the practice of law in the State of Montana in 1991, at which time Respondent took the oath required for admission, wherein he agreed to abide by the Rules of Professional Conduct, the Disciplinary Rules adopted by the Supreme Court, and the highest

*Complaint* - Page 1

standards of honesty, justice and morality, including but not limited to, those outlined in parts 3 and 4 of Chapter 61, Title 37, Montana Code Annotated.

2. The Montana Supreme Court has approved and adopted the Montana Rules of Professional Conduct ("MRPC"), governing the ethical conduct of attorneys licensed to practice in the State of Montana, which Rules were in effect at all times mentioned in this Complaint.

3. At all times relevant to this Complaint, Respondent worked as a sole-practitioner and accepted cases throughout various Montana counties.

4. On or about March 25, 2020, three (3) co-defendants were charged with crimes including and related to Deliberate Homicide, before the Fifth Judicial District Court, Beaverhead County. The two (2) co-defendants relevant to this matter include C.V., who was represented by Ms. Jill Gannon-Nagle ("Gannon-Nagle"), and K.J., who was represented by Respondent.

**Count One**

5. ODC reincorporates and restates the allegations contained in paragraphs 1 through 4 of the General Allegations as if fully restated in this Count One.

6. C.V. entered into a plea agreement with the State of Montana which provided C.V. was to testify during K.J.'s trial. Respondent contacted Gannon-Nagle in July 2022, to discuss, among other things, C.V.'s pending plea agreement and a

//

potential deposition of C.V. Gannon-Nagle informed Respondent she wanted to be present for any communications with, and/or depositions of, C.V.

7. Thereafter, Respondent filed various defense motions in K.J.'s matter, some of which related to a potential deposition of C.V., and another as to whether probable cause existed in K.J.'s case. The District Court set a Motions Hearing to be held October 28, 2022.

8. On October 24, 2022, Respondent contacted Gannon-Nagle about accepting service of a subpoena for C.V.'s testimony at the October 28 hearing. Because C.V. was being housed in Passages Treatment Center ("Passages") in Billings, Montana, Gannon-Nagle referred Respondent to the facility to effectuate service and coordinate C.V.'s appearance. Gannon-Nagle did not authorize Respondent to have conversations with C.V. outside service of the subpoena.

9. Respondent contacted Passages and spoke with C.V.'s case manager and informed her of his intent to serve C.V. with a subpoena for the October 28 hearing. That same day, C.V. contacted Respondent by phone. Respondent did not limit their conversation to the subpoena or willingness to testify and discussed specifics of C.V. and K.J.'s case, including those related to the alleged lack of probable cause in K.J.'s matter.

10. The duration of Respondent and C.V.'s conversation was approximately 20 minutes.

11. Following Respondent's phone call with C.V., Respondent left a message for Gannon-Nagle indicating he had spoken with C.V., would be issuing her a subpoena, and provided a contact number for C.V.

12. Respondent's conduct as outlined above, constitutes a violation of Rule 4.2, Communication with Person Represented by Counsel, and Rule 8.4(a)(c), Misconduct, MRPC.

## Count Two

13. ODC reincorporates paragraphs 1 through 4 of the General Allegations and paragraphs 5 through 12 of Count One as if fully restated in this Count Two.

14. Respondent sought a subpoena for C.V. on October 24, which was issued to him later that evening. On October 25, 2022, both the State of Montana and Gannon-Nagle, moved to quash Respondent's subpoena, which the District Court granted that day.

15. During the October 28 hearing, the District Court asked Respondent questions to clarify the nature and extent of Respondent's communications with Gannon-Nagle and C.V. Respondent informed the District Court he had first verified Gannon-Nagle was still C.V.'s attorney, had asked her for permission to speak with C.V., regardless of a subpoena, and that Gannon-Nagle confirmed he could. Further, that his conversation with C.V. related to her willingness to testify.

//

16. Respondent's representations to the District Court that Gannon-Nagle authorized him to speak with C.V. beyond service of the subpoena, and that their conversation was limited to her willingness to testify, constitutes a violation of Rule 3.3, Candor Toward the Tribunal, MRPC.

17. Respondent's misrepresentations about his conversations with Gannon-Nagle, C.V., and/or his failure to correct the same, constitutes a violation of Rule 8.4(a)(c), Misconduct, MRPC.

WHEREFORE, the Office of Disciplinary Counsel prays:

1. That a Citation be issued to the Respondent, to which shall be attached a copy of the complaint, requiring Respondent, within twenty-one (21) days after service thereof, to file a written answer to the Complaint;

2. That a formal hearing be had on the allegations of this complaint before an Adjudicatory Panel of the Commission;

3. That the Adjudicatory Panel of the Commission make a report of its findings and recommendations after a formal hearing to the Montana Supreme Court, and, in the event the Adjudicatory Panel finds the facts warrant disciplinary action and recommends discipline, that the Commission also recommend the nature and extent of appropriate disciplinary action, including an award of costs and expenses incurred in investigating and prosecuting this matter; and,

//

4. For such other and further relief as deemed necessary and proper.

DATED this 2nd day of February 2024.

OFFICE OF DISCIPLINARY COUNSEL

By: _____
Pamela D. Bucy
Chief Disciplinary Counsel

*Complaint* - Page 6

**CERTIFICATE OF SERVICE**

I, Pamela D. Bucy, hereby certify that I have served true and accurate copies of the foregoing Complaint - Formal Complaint and Citation to Appear to the following on 02-02-2024:

Shelly Smith (Court Reporter)
Office Administrator
Supreme Court Boards and Commissions
P.O. Box 203002
301 S. Park Ave., Ste. 328
Helena MT 59624
Service Method: eService
E-mail Address: shellysmith@mt.gov

Electronically signed by Shelby Streib on behalf of Pamela D. Bucy
Dated: 02-02-2024